IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CHARLIE GRANT STEPHENS,<br>    Plaintiff,<br>v.<br><br>OFFICER TONI TRUEHEART, *et al.*,<br>    Defendants. | Civil Action No. 7:18-cv-00411<br><br>By: Elizabeth K. Dillon<br>  United States District Judge |

**MEMORANDUM OPINION**

Charlie Grant Stephens, a Virginia inmate proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983.[1] This matter is before the court on the motion to dismiss filed by defendants Officer Toni Trueheart, Sergeant Kevin Jones, and Officer Robert Patterson. Having reviewed the record, the court concludes that the defendants' motion to dismiss must be granted.

I. BACKGROUND

Stephens filed this § 1983 action against defendants Officer Trueheart, Sergeant Jones, and Officer Patterson, alleging constitutional violations while housed at the New River Valley Regional Jail (NRVRJ). The defendants have filed a motion to dismiss, and Stephens has responded, making the matter ripe for disposition. Liberally construed, Stephens' claims are that: (1) Trueheart and Patterson restricted Stephens' access to the courts in violation of the First Amendment; (2) Trueheart, Jones, and Patterson retaliated against Stephens for filing a § 1983 complaint; and (3) Trueheart discriminated against Stephens in violation of the Fourteenth Amendment's Equal Protection Clause.

---

[1] The court omits internal citations, alterations, and quotation marks throughout this opinion, unless otherwise noted. *See United States v. Marshall*, 872 F.3d 213, 217 n.6 (4th Cir. 2017).

## II.  DISCUSSION

**A.  Standard of Review**

A complaint need only contain "a short, plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court must accept as true all well-pleaded allegations. *See Vitol, S.A. v. Primerose Shipping Co.*, 708 F.3d 527, 539 (4th Cir. 2013); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Stated differently, to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court need not "accept the legal conclusions drawn from the facts" or "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

Stephens is proceeding *pro se* and, thus, entitled to a liberal construction of the pleading. *See, e.g., Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). "A court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was

2

committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Notably, a plaintiff must sufficiently allege a defendant's personal act or omission leading to a deprivation of a federal right. *See Fisher v. Washington Metro. Area Transit Author.*, 690 F.2d 1133, 1142-43 (4th Cir. 1982) (abrogated on other grounds by *Cty. of Riverside v. McLaughlin*, 500 U.S. 44 (1991)).

**B. Access to Courts**

Stephens claims that defendants Trueheart and Patterson obstructed his access to the courts in violation of the First Amendment. In support of this claim, Stephens alleges that between February 2018 and August 2018, Trueheart and Patterson restricted his access to the law library and delayed him from filing pleadings with the court. According to Stephens, "his right to have adequate access to legal resources [has] been deliberately deprived by [Trueheart in order] to hinder his suit against jail staff." Specifically, Stephens had an appointment to visit the law library on May 5, 2018, and it was cancelled after he was instead called to medical. In response to Stephens' complaint about missing his law library appointment, Trueheart told him that "[his] health will trump any time in the law library" and asked if he wanted to reschedule. Stephens agreed to reschedule, but the appointment was never rescheduled. (Compl. 3-4, Dkt. No. 1.)

Stephens alleges various other situations where Trueheart and Patterson restricted his access to the courts. Stephens states that he requested a copy of "A Jailhouse Lawyer's Manual" because his time in the law library had been restricted. It is unclear if he ever received the manual. On May 31, 2018, Stephens could not go to the law library during an appointment because he was in segregated housing. When he asked Patterson about the missed appointed and told Patterson that "it was a fundamental right to have access to legal resources, not a privilege,"

3

he alleges that Patterson told him "[i]t doesn't matter, we do what we want, regardless of the law!" On June 27, 2018, Stephens asked Trueheart to mail legal documents to the court, and Trueheart refused to mail the documents until Stephens accused her of discrimination because he had filed other § 1983 claims against her. Trueheart eventually mailed the documents. (Compl. 3, 5-6.)

Inmates have a constitutional right to reasonable access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 351-53 (1996); *Bounds v. Smith*, 430 U.S. 817, 838 (1977). The right of access to the court "is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). Thus, in order to state a constitutional claim of denial of access to the courts, a plaintiff must allege specific injury resulting from the alleged denial. *See Lewis*, 518 U.S. at 349; *see also O'Dell v. Netherland*, 112 F.3d 773, 776 (4th Cir. 1997) (inmate must show an "unconstitutional burden on his right of access to the courts" resulting in "actual injury" to "the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts."); *Strickler v. Waters*, 989 F.2d 1375, 1384 (4th Cir. 1993) (inmate had a "basic requirement that he show specific harm or prejudice from the allegedly denied access."). An inmate cannot rely on just "vague and conclusory allegations of inconvenience or delay in his instigation or prosecution of legal actions . . . The fact that an inmate may not be able to litigate in exactly the manner he desires is not sufficient to demonstrate the actual injury element of an access to courts claim." *Burke v. Clarke*, No. 16-cv-365, 2018 U.S. Dist. LEXIS 51403, at *14, 2018 WL 1512615, at *5 (W.D. Va. Mar. 27, 2018).

Here, Stephens fails to identify any injury resulting from Trueheart's or Patterson's conduct or identify the legal claim that he was prevented from litigating. Stephens' complaint

4

relies on vague and conclusory allegations that Trueheart interfered with his ability to litigate his claims in court or harmed his ability to bring his federal lawsuits. Further, Stephens has not made a showing that the lack of access caused a specific deficiency in his legal research or that lack of research led to an inability to file his case. In fact, Stephens has filed three separate § 1983 complaints. Trueheart's delay in mailing the court documents caused him, at most, inconvenience and delay of his pleadings, but did not prevent him from filing his case. Stephens has also not shown an injury from Trueheart's delay. Moreover, he fails to allege any individual involvement of Patterson besides responding to his questions about access to the law library. Accordingly, the court will grant defendants' motion to dismiss as to Stephens' access to the courts claims.[2]

**C. Retaliation**

Stephens claims that Trueheart, Patterson, and Jones retaliated against him for filing a § 1983 complaint against Trueheart. Stephens argues that Trueheart's actions restricting his access to the courts were in retaliation for Stephens filing lawsuits against her. With respect to Jones and Patterson, on June 7, 2018, when the guards confronted Stephens about his legal complaints regarding Trueheart, Jones exhibited a "very hostile and rude attitude" towards Stephens. Stephens felt that Jones' actions were demeaning and retaliatory for his filing claims against Trueheart. Patterson was present for the incident. (Compl. 3-6.)

---

[2] Stephens argues in his reply to the defendants' motion to dismiss that the defendants denied him access to sufficient legal materials. (Resp. 1, Dkt No. 24.) His allegations fail to state a claim. *See Ebersole v. Conover*, No. 08cv503, 2010 U.S. Dist. LEXIS 95120, at *24; 2010 WL 3629581, at *9 (W.D. Va. Aug. 27, 2010) ("The Fourth Circuit has been clear that lack of access to the courts is a harm but that mere lack of access to a law library or to certain legal materials is not. To that end, the denial of materials may constitute denial of a prisoner's rights if an inmate alleges that the inability to research a particular issue resulted in a specific injury.") Here, Stephens merely argues an inconvenience and delay in his research, not an inability to research an issue. Stephens has not set forth any showing that the lack of specific materials caused him an actual harm. Moreover, as discussed previously, Stephens has filed three § 1983 suits. Accordingly, the court finds that Stephens' claim fails.

5

Stephens fails to state a claim of retaliation against Trueheart, Jones, or Patterson because his allegations are merely conclusory, and he has not demonstrated any adverse action. "A plaintiff seeking to assert a § 1983 claim on the ground that he experienced government retaliation for his First Amendment-protected speech must establish three elements: (1) his speech was protected, (2) the alleged retaliatory action adversely affected his protected speech, and (3) a causal relationship between the protected speech and the retaliation." *Raub v. Campbell*, 785 F.3d 876, 885 (4th Cir. 2015); *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (summarily dismissing retaliation claim as insufficient because it consisted of merely conclusory allegations and no facts to show retaliatory motivation). "A plaintiff suffers adverse action if the defendant's allegedly retaliatory conduct would likely deter a person of ordinary firmness from the exercise of [the protected] rights." *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 500 (4th Cir. 2005).

Here, Stephens allegations are merely conclusory and he pleads no specific facts to show that the defendants acted in retaliation for his filing § 1983 claims. Moreover, Stephens fails to allege that he suffered any adverse action. Stephens relies on vague and conclusory assertions that Jones was "hostile and rude" towards him and that Trueheart discriminated against him, without showing anything more than a temporal relationship. (Compl. 5.) Temporal proximity between the inmate's protected activity and the allegedly retaliatory official action "is simply too slender a reed on which to rest a § 1983 retaliatory [] claim." *Wagner v. Wheeler*, 13 F.3d 86, 91 (4th Cir. 1993). With respect to Patterson, Stephens fails to establish any personal involvement other than his being present when Jones spoke to Stephens. Accordingly, Stephens has failed to adequately state a retaliation claim and the court will grant the defendants' motion to dismiss.

**D. Equal Protection**

Stephens claims that he was treated differently from other inmates, in violation of the Fourteenth Amendment. On May 31, 2018, Stephens asked Trueheart if he could attend an alcohol abuse/addiction class. Trueheart denied his request and told him he could not attend an alcohol abuse/addiction class because he did not have a conviction for substance abuse. According to Trueheart, an inmate he must have a substance abuse conviction to enroll in a substance abuse class. Stephens also alleges that he was escorted to the law library while other inmates did not require an escort. (Compl. 3-5.)

"To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he similarly situated and that the unequal treatment was a result of intentional and purposeful discrimination." *Williams v. Hansen*, 326 F.3d 569, 584 (4th Cir. 2003). Stephens fails to establish that he is being treated differently from other inmates with whom he is similarly situated. While he relies on conclusory statements that he is escorted to the law library while other inmates are not, he does not provide enough facts to establish that the other inmates are similarly situated. Likewise, he fails to demonstrate a purposeful discrimination by any of the defendants or allege that any of the defendants were personally responsible for him being escorted to the law library. Moreover, with respect to the substance abuse course, Stephens fails to establish how he is treated differently from others that also do not have a substance abuse conviction or how his not being able to participate in such programming was the result of discrimination.[3] Accordingly, the court will grant the defendants' motion to dismiss with respect to Stephens' equal protection claim.

---

[3] To the extent that Stephens argues that he has a right to participate in the substance abuse programs, he fails to state a claim. "[I]nmates have no independent constitutional right . . . to participate in any rehabilitative programing, such as the substance abuse program." *Baines v. Barlow*, No. 10-cv-535, 2010 U.S. Dist. LEXIS 137594, at *7, 2010 WL 5477690, at *3 (W.D. Va. Dec. 30, 2010).

7

III.  CONCLUSION

For the stated reasons, the court concludes that Stephens has failed to state a claim, and, thus, the court will grant the defendants' motion for to dismiss.

An appropriate order will be entered.

Entered: August 12, 2019.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge